JAMES L. CANNELLA, Judge.
|2The Plaintiff, Mary Leboyd (Mary), appeals from the trial court judgment partitioning the community property from her marriage to the Defendant, Wilfred Le-boyd (Wilfred). For the reasons which follow, we amend, and as amended, affirm.
The parties were married on November 15, 1975. On June 22, 2001, Mary filed a petition for divorce and a rule for rental reimbursement because Wilfred had use and occupancy of the family home. On October 11, 2001, Wilfred filed a petition to partition the community property with a motion to enjoin Mary from spending certain community funds. Mary answered the partition petition and, on November 8, 2001, filed a rule to show cause why she should not be granted the right to use certain assets pending the partition, including: (1) the proceeds from Bank One transferred to Whitney National Bank Account (Whitney) L# XXXXXXX92; (2) the proceeds from Hibernia National Bank transferred to Whitney account # XXXXXXXX06; and (3) the proceeds from the Times Picayune Federal Credit Union transferred to the Whitney accounts.
On November 9, 2001, the trial court rendered judgment on the request for rental reimbursement, ordering Wilfred to pay monthly rent for his use of the community home of $250 retroactive to June 22, 2001 with the directive that “[a]ll ar-rearages shall accrue and be made execu-tory as a credit in the plaintiffs favor in the partition of the community property of the parties.”
On February 8, 2002 the judgment of divorce was signed. The parties each filed their respective descriptive lists. Thereafter, a pre-trial order with stipulations as to the value of certain accounts was agreed upon by the parties and filed. The case moved forward to trial. Following trial on *1052 June 28, 2003, the trial court rendered judgment, valuing the community assets, awarding reimbursement, dividing the assets between the parties and awarding an equalizing payment to Mary. It is from this judgment that Wilfred appeals.
On appeal, Mary asserts that the trial court erred on three issues in the judgment. More specifically, she argues that the trial court erred in awarding the former family home to Wilfred, in failing to apply the credit ordered in the November 9, 2001 judgment in her favor for the past due rental payments owed by Wilfred, and in counting the $8235.11 that was moved from the Times Picayune Credit Union account # 4620 to the Whitney account # XXXXXXXX06 as both a separate amount and in the total of the Whitney Bank account.
La. R.S. 9:2801(A)(4) on partitioning community property provides in pertinent part:
A. When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the Lmatrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules:
[[Image here]]
(4) The court shall then partition the community in accordance with the following rules:
(a)The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.
(d) In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.
It is well settled that a trial court has broad discretion in adjudicating issues raised in divorce proceedings and partition of the community regime. The trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses. Sherrod v. Sherrod, 97-907 (La.App. 5th Cir.3/25/98), 709 So.2d 352; Kambur v. Kambur, 94-775 (La.App. 5th Cir.3/1/95), 652 So.2d 99. In allocating community assets and liabilities, the trial court has great discretion to divide a particular asset or liability equally *1053 or unequally or allocate it in its entirety to one of the spouses. The trial court must consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that it deems relevant. Barrow v. Barrow, 27,-714 (La.App. 2nd Cir.2/28/96), 669 So.2d 622, writ denied 675 So.2d 1080, 1996-1057 (La.6/21/96), writ denied 675 So.2d 1080, 1996-1072 (La.6/21/96).
In this case, both parties sought to be awarded the former family home. The trial judge determined that it should be awarded to Wilfred. Upon review, we find that Wilfred remained in the family home after the parties separated, paid rent and maintained the home. We further find that the record is void of any evidence that Mary had any type of special or unique relationship to the home. Therefore, we find nothing in the record to support Mary’s contention that the trial judge erred or abused his discretion in awarding the former family home to Wilfred with offsetting bank accounts being awarded to Mary. Her claims on this issue lack merit.
Next, Mary argues that the trial court erred in failing to give her an offset for the accrued rental payments as ordered by the trial court in the November 9, 2001 judgment. We agree. The matter of rental payments by Wilfred to Mary while he remained in the former family home was litigated and resolved by judgment of the trial court on November 9, 2001. Therein, the trial court ordered that “[a]ll arrearages shall accrue and be made executory as a credit in plaintiffs favor in the partition of the community property of the parties.” As a prior judgment and order of the court, it was unnecessary for Mary to argue it as a reimbursement claim and we find that it was error to not include this credit in the community property 1 ^partition judgment.[1] The community property partition judgment must be amended to give Mary the $1141.61 credit ordered by the November 9, 2001 judgment.
Finally, Mary argues that the trial court erred in effectively counting the $8235.11[2] sum from the Times Picayune Credit Union account # 4620 against her twice. She contends that those funds were withdrawn from the credit union account and transferred to the Whitney account # XXXXXXXX06, totaling $46,640. While Wilfred has not expressly acknowledged the merit of Mary’s argument on this point, we note that it is not directly disputed by him in brief to this Court. Upon review, we find Mary’s assertion supported by the record.
The $8235.11 balance from the Times Picayune Credit Union Account # 4620 is not listed on Mary’s descriptive list. It is not listed on Wilfred’s descriptive list. And, it is not listed on the pretrial order of the court. Moreover, in a pleading filed by Mary on November 8, 2001, a year and a half before the partition hearing, she references the credit union funds as being previously on deposit with the credit union but at that time, already, transferred to Whitney. Therefore, we find no record support for listing the $8235.11 as an asset of the community in addition to the $46,640.00 total in Whitney account # XXXXXXXX06 and that the trial court erred in doing so. The $8235.11 was listed in the judgment as a community *1054 asset and in Mary’s column as an item she would receive in full ownership. To correct the error, the equalizing payment due by Wilfred to Mary will have to be increased by one half of $8235.11, or $4117.56.
Accordingly, for the reasons stated above, the judgment of the trial court partitioning the community property formerly owned by the parties is amended to |7award Mary an additional $5259.17 ($1141.61 and $4117.56) to correct the errors in the distribution of the community. With this amendment, and in all other respects, the judgment is affirmed. Costs of appeal are to be paid by the parties.

AFFIRMED AS AMENDED.

. Rental payments were ordered in the amount of $250 per month by judgment dated November 9, 2001, retroactive to June 22, 2001. At a rate of $8.33 per day ($250 divided by 30) Mary was due a credit in the community property partition as per the court's prior judgment, in the amount of $1141.61.

. Although in brief Mary references the credit union balance as $48235.11, the record indicates that the “4" was a typographical error.